IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KIMBERLY MURPHY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-00602-P |
| | § | |
| FUN TOWN RV DENTON, | § | |
| | § | |
| Defendant. | § | |

# ORDER

Came on for consideration the renewed motion of Defendant, Fun Town RV Denton, to dismiss. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, finds that the motion should be **GRANTED**.

## BACKGROUND

On June 9, 2020, Plaintiff filed her complaint in this action. Doc.[1] 1. In response, Defendant filed a motion to dismiss. Doc. 5. Plaintiff then filed her amended complaint, which is the operative pleading. Doc. 9. In it, she alleges:

On January 3, 2020. Plaintiff and her husband, Milton Murphy, ("Milton") were traveling home from a camping trip in their RV. *Id.* ¶ 9. Milton decided to stop at Defendant's dealership to look at newer, larger RV models. *Id.* ¶ 12. Milton told Defendant that he wanted any new purchase or finance agreement with Defendant to be made in his

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

name only and not to involve Plaintiff and/or obtain Plaintiff's consumer report. *Id.* ¶ 15. Defendant obtained Plaintiff's consumer report. *Id.* ¶ 20.

Plaintiff alleges that Defendant's conduct is a violation of 15 U.S.C. § 1681b(f)(1). *Id.* ¶ 39. She seeks to recover actual, punitive, and statutory damages.

Defendant maintains that Plaintiff has failed to state a plausible claim for relief against it. Doc. 11.

## LEGAL STANDARD

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. *Twombly*, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. *Iqbal*,

556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. *Id.* In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." *Anderson v. U.S. Dep't of Housing & Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." *Id.* at 528–29.

## ANALYSIS

In this case, Plaintiff seeks to recover damages for violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–90 ("FCRA" or "Act"). Specifically, she says that Defendant violated section 1681b(f)(1), which provides:

> A person shall not use or obtain a consumer report for any purpose unless—
> (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section . . .

Doc. 9, ¶ 39.  Under the Act, a consumer report is

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for—
> **(A)** credit or insurance to be used primarily for personal, family, or household purposes . . .

15 U.S.C. § 1681a(d)(1).

Courts have interpreted the term "consumer report" to include a spouse's credit report. *See, e.g.*, *Smith v. GSH Residential Real Estate Corp.*, 935 F.2d 1287 (4th Cir. 1991); *Koropoulos v. Credit Bureau, Inc.*, 734 F.2d 37 (D.D.C. 1984); *Short v. Allstate Credit Bureau*, 370 F. Supp. 2d 1173 (M.D. Ala. 2005).  Plaintiff says the cases are not binding and contradict a case from within the Fifth Circuit. Doc. 12 at 7. The case she cites, however, is easily distinguishable from the facts alleged in this case. The court in *Davis v. Asset Services*, 46 F. Supp. 2d 503 (M.D. La. 1998), held that there was no permissible reason for an employer to obtain the credit report of an employee's spouse in an investigation of the employee for theft. The case does not concern the extension of credit in a community property state and is not relevant to the Court's analysis here. The cases Defendant cites are persuasive and Plaintiff has not shown that they should not be considered authoritative given that jurisdiction is based on federal question, rather than diversity. In fact, the Court has frequently relied upon cases from other jurisdictions when considering claims under the FCRA. *See, e.g.*, *Hart v. Equifax Info. Servs., L.L.C.*, No.

4:19-CV-712-A, 2020 WL 5819361 (N.D. Tex. Sept. 30, 2020) (McBryde, J.); *Silvas v. Equifax Info. Servs., L.L.C.*, No. 3:19-CV-2932-K, 2020 WL 4000848 (N.D. Tex. July 15, 2020) (Kinkeade, J.).

Plaintiff alleges that the report obtained by Defendant was not authorized for a permissible purpose. Doc. 12. The argument seems to be that Defendant was not allowed to obtain the report because Plaintiff did not agree to its release. But the *ipse dixit* that the report had no bearing on the extension of credit does not make it so. Information concerning an applicant's spouse may be highly relevant, especially in a community property state like Texas. For that reason, the Federal Trade Commission has recognized that a creditor may request any information concerning an applicant's spouse if the applicant resides in a community property state or the property upon which the applicant is relying on as a basis for repayment of the credit requested is located in such a state. Federal Trade Commission, Statement of General Policy or Interpretation; Commentary on the Fair Credit Reporting Act, 55 Fed. Reg. 18804-01, 18815, 1990 WL 342991 (F.R.) (May 4, 1990).

As a matter of law, Defendant had a permissible purpose for obtaining Plaintiff's credit report. Accordingly, amending her complaint would not make any difference. In any event, Plaintiff has already amended once and does not seek leave to do so again. Dismissal with prejudice is warranted. *See Norman v. Lyons*, No. 3:12-CV-4294-B, 2013 WL 655058, at *3 (N.D. Tex. Feb. 22, 2013) (Boyle, J.).

5

## CONCLUSION

The Court **ORDERS** that Defendant's motion to dismiss be, and is hereby, **GRANTED**, that Plaintiff take nothing on her claims against Defendant, and that such claims be, and are hereby, **DISMISSED WITH PREJUDICE**.

**SIGNED November 12, 2020**.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE